Leslie T. Gladstone, Esq. (SBN 144615)
Christin A. Batt, Esq. (SBN 222584)
FINANCIAL LAW GROUP
5785 La Jolla Blvd., Ste. A
La Jolla, CA 92037
Telephone: (858) 454-9887
Facsímile: (858) 454-9596
E-mail:  ChristinB@san.rr.com

Attorneys for Christopher R. Barclay, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE

| | |
|---|---|
| In re:<br><br>KEVIN PATRICK CONLIN,<br><br><br>Debtor.<br>_____<br><br>CHRISTOPHER R. BARCLAY, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>BERNICE GLENDORA HARRIS, an individual,<br><br>Defendant.<br>_____ | Case No.:   6:08-BK-18392-MJ<br><br>Chapter 7<br><br>Adv. No.:<br><br>COMPLAINT FOR FRAUDULENT TRANSFER, INSIDER PREFERENCE, AND TURNOVER OF PROPERTY OF THE ESTATE |

COMES NOW, Christopher R. Barclay, chapter 7 trustee ("Plaintiff"), and alleges as follows:

**JURISDICTION AND VENUE**

1.     On or about July 9, 2008, Kevin Patrick Conlin ("Debtor") filed a voluntary petition under Chapter 7 of Title 11 of the United States Code.  On or about the same date Plaintiff was appointed as chapter 7 trustee in the Debtor's bankruptcy case.

2.     This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

3.     This matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E), (F), (H), and (O).

4.     Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

**PARTIES**

5.     At all times since his appointment, Plaintiff has been duly appointed, qualified, and serving as chapter 7 trustee in the Debtor's bankruptcy case.

6.     Defendant Bernice Glendora Harris ("Defendant") is an individual who resides in Sun City, California.  Plaintiff alleges on information and belief that Defendant is the Debtor's mother.

**GENERAL ALLEGATIONS**

7.     Plaintiff realleges and herein incorporates by reference paragraphs 1 through 6 of the Complaint as though fully set forth herein.

8.     Plaintiff alleges on information and belief that, as of June 19, 2008, the Debtor owed Defendant some monetary obligation.

9.     Plaintiff alleges on information and belief that on or about June 19, 2008, the Debtor transferred $28,000.00 to Defendant by Check No. 1378, on which Debtor made a notation that reads "Pay off Loan.  Thanks Mom."  A copy of said check is attached hereto as Exhibit "A."

10.     Plaintiff alleges on information and belief that, at the time of the transfer described in paragraph 9 above, the Debtor was insolvent.

11.     Plaintiff alleges on information and belief that at the time of the bankruptcy filing, which occurred less than three (3) weeks after the transfer identified in paragraph 9, the Debtor had $16,825.00 in scheduled assets, and $58,797.29 in scheduled unsecured debt.

12.     Plaintiff alleges on information and belief that, to the extent the monetary obligation owed by the Debtor to Defendant was less than $28,000.00 at the time the Debtor transferred $28,000.00 to Defendant, the transfer identified in paragraph 9 above was a fraudulent transfer, as it was made for no consideration while the Debtor was insolvent.

13.     Plaintiff alleges on information and belief that, to the extent the monetary obligation owed by the Debtor to Defendant was less than $28,000.00 at the time the Debtor transferred

$28,000.00 to Defendant, the transfer identified in paragraph 9 above was a fraudulent transfer, made with the actual intent to hinder, delay or defraud creditors of the Debtor, as the transfer was made to an insider, the Debtor was faced with unsecured obligations vastly exceeding his assets, the transfer was of substantially all of the Debtor's liquid assets, there was no consideration for the transfer, and the Debtor was insolvent at the time of the transfer or became insolvent shortly after the transfer was made.

## FIRST CLAIM FOR RELIEF

### (Avoidance of Fraudulent Transfer - 11 U.S.C. § 548)

14.    Plaintiff realleges and herein incorporates by reference paragraphs 1 through 13 of the Complaint as though fully set forth herein.

15.    Plaintiff alleges on information and belief that the transfer made by the Debtor to Defendant, identified in paragraph 9 above, was made within two years before the date of the bankruptcy filing and the Debtor voluntarily,

        (1)    made such transfer or incurred such obligation with the actual intent to hinder, delay, or defraud any entity to which was or became, on or after the date such transfer was made or such obligation was incurred, indebted; or

        (2)    (A)    received less than a reasonably equivalent value in exchange for such transfer or obligation;

              (B)    (i)    was insolvent on the date such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligations;

                    (ii)    was engaged in business or transaction, or was about to engage in business or transaction, for which any property remaining with the debtor was an unreasonably small capital; or

                    (iii)    intended to incur or believed that the debtor would incur debts that would be beyond the debtor's ability to pay as such debts matured.

16.    Plaintiff may avoid the transfer identified in paragraph 9 and may recover for the benefit of the estate the amount transferred from (a) the initial transferee of such transfer or the entity for

1   whose benefit such transfer was made; or (b) any immediate or mediate transferee of such initial

2   transferee.

3                                   **SECOND CLAIM FOR RELIEF**

4                   **(Avoidance of Insider Preferential Transfer – 11 U.S.C. § 547)**

5          17.     Plaintiff realleges and herein incorporates by reference paragraphs 1 through 16 of the

6   Complaint as though fully set forth herein.

7          18.     Plaintiff alleges on information and belief that the transfer made to Defendant, identified

8   in paragraph 9 above, represented a transfer of an interest of the Debtor in property,

9                   (1)     to or for the benefit of a creditor;

10                  (2)     for or on account of an antecedent debt owed by the Debtor before such transfer

11                          was made;

12                  (3)     made while the Debtor was insolvent;

13                  (4)     made —

14                          (A)     on or within 90 days before the date of the filing of the petition; or

15                          (B)     between ninety days and one year before the date of the filing of the

16                                  petition, if such creditor at the time of such transfer was an insider; and

17                  (5)     that enables such creditor to receive more than such creditor would receive if —

18                          (A)     the case were a case under chapter 7 of the Bankruptcy Code;

19                          (B)     the transfer had not been made; and

20                          (C)     such creditor received payment of such debt to the extent provided by the

21                                  provisions of the Bankruptcy Code.

22         19.     Plaintiff may avoid the transfer referenced in paragraph 9 of this Complaint, and

23  recover, for the benefit of the estate, the amount transferred from (a) the initial transferee of such

24  transfer or the entity for whose benefit such transfer was made; or (b) any immediate or mediate

25  transferee of such initial transferee.

26  / / /

27  / / /

28  / / /

1

**THIRD CLAIM FOR RELIEF**

2

**(Turnover of Property of the Estate – 11 U.S.C. § 542)**

3        20.      Plaintiff realleges and herein incorporates by reference paragraphs 1 through 19 of the

4    Complaint as though fully set forth herein.

5        21.      Plaintiff alleges on information and belief that Defendant is currently in possession,

6    custody, or control of funds that could be used to pay the obligation owing to the estate, which could be

7    considered property of the bankruptcy estate, to the exclusion of the Plaintiff.

8        22.      Plaintiff is entitled to use, sell, or lease this interest, or the value of the interest, in such

9    funds for the benefit of the estate.

10       23.      Plaintiff is informed and believes that turnover of the funds by the Defendant in the

11   amount of at least $28,000.00 is proper pursuant to 11 U.S.C. Section 542.

12

**PRAYER FOR RELIEF**

13       WHEREFORE, Plaintiff prays for judgment as follows:

14

**FIRST CLAIM FOR RELIEF**

15       1.      That the transfer to Defendant be avoided as a fraudulent transfer pursuant to 11 U.S.C.

16   Section 548.

17       2.      That Plaintiff may recover for the benefit of the estate, the amount transferred from (a)

18   the initial transferee of such transfer or the entity for whose benefit such transfer was made; or (b) any

19   immediate or mediate transferee of such initial transferee.

20       3.      For such other relief as the Court deems necessary and proper.

21       4.      If appropriate, attorney's fees and costs to Plaintiff.

22

**SECOND CLAIM FOR RELIEF**

23       1.      That the transfer to Defendant be avoided as an insider preference pursuant to 11 U.S.C.

24   Section 547.

25       2.      That Plaintiff may recover for the benefit of the estate the amount transferred from (a)

26   the initial transferee of such transfer or the entity for whose benefit such transfer was made; or (b) any

27   immediate or mediate transferee of such initial transferee.

28       3.      For such other relief as the Court deems necessary and proper.

4.      If appropriate, attorney's fees and costs to Plaintiff.

### THIRD CLAIM FOR RELIEF

1.      For the sum of at least $28,000.00 together with interest thereon at the legal rate per annum from June 19, 2008, to the date of judgment.

2.      For attorney's fees and costs associated with this adversary proceeding and all collection costs thereafter if successful.

3.      For such other relief as the Court deems necessary and proper.


FINANCIAL LAW GROUP


Dated:  August 18, 2009                          By:  /s/ Christin A. Batt
                                                 Attorneys for Christopher R. Barclay, Trustee

**Exhibit "A"**

Check Image

🔵 San Diego County Credit Union

# Check Image

Account: Classic Checking 90 | Check Number: 001378 | Date Posted: 6/20/2008 | Amount: $28,000.00

Zoom In 🔍  Zoom Out 🔍  Print 🖨



Copyright ©2008 San Diego County Credit Union. All Rights Reserved.